UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES DALLAS,

               Plaintiff,

    -against-

C.O. SIMON VOSBURGH,
C.O. PATRICK GALLAWAY,
C.O. ROBERT REINARD,
C.O. JOHN SCHUCK,
C.O. MATTHEW WILSON and
SGT. ANTHONY OLLES,

               Defendants.
----------------------------------------X

**COMPLAINT**

**Plaintiff Demands
Trial by Jury**

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

        1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

        2. That at all times herein mentioned, plaintiff was an inmate at the Attica Correctional Facility (Attica), in Attica, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

        3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

        4. That at all times herein mentioned, defendant C.O. Simon Vosburgh (Vosburgh) was a corrections officer employed at Attica by DOCCS.

        5. That at all times herein mentioned, Vosburgh was acting within the course and scope of his employment as a DOCCS corrections officer.

6. That at all times herein mentioned, Vosburgh was acting under color of state law.

7. That at all times herein mentioned, defendant C.O. Patrick Gallaway (Gallaway) was a corrections officer employed at Attica by DOCCS.

8. That at all times herein mentioned, Gallaway was acting within the course and scope of his employment as a DOCCS corrections officer.

9. That at all times herein mentioned, Gallaway was acting under color of state law.

10. That at all times herein mentioned, defendant C.O. Robert Reinard (Reinard) was a corrections officer employed at Attica by DOCCS.

11. That at all times herein mentioned, Reinard was acting within the course and scope of his employment as a DOCCS corrections officer.

12. That at all times herein mentioned, Reinard was acting under color of state law.

13. That at all times herein mentioned, defendant C.O. John Schuck (Schuck) was a corrections officer employed at Attica by DOCCS.

14. That at all times herein mentioned, Schuck was acting within the course and scope of his employment as a DOCCS corrections officer.

15. That at all times herein mentioned, Schuck was acting under color of state law.

16. That at all times herein mentioned, defendant C.O. Matthew Wilson (Wilson) was a corrections officer employed at Attica by DOCCS.

17. That at all times herein mentioned, Wilson was acting within the course and scope of his employment as a DOCCS corrections officer.

18. That at all times herein mentioned, Wilson was acting under color of state law.

19. That at all times herein mentioned, defendant Sgt. Anthony Olles (Olles) was a corrections sergeant employed at Attica by DOCCS.

20. That at all times herein mentioned, Olles was acting within the course and scope of his employment as a DOCCS sergeant.

21. That at all times herein mentioned, Olles was acting under color of state law.

22. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

24. That on April 30, 2015, inside Attica, defendants Vosburgh, Gallaway, Reinard, and Schuck, without any legal justification and not in furtherance of any legitimate penological interest, brutally assaulted and battered plaintiff by, among other things, punching and kicking plaintiff and striking plaintiff multiple times with batons in the head and body.

25. That defendant Wilson was present during the assault and battery, observed the assault and battery, had a reasonable opportunity to intervene to prevent and/or stop the assault and battery, but deliberately failed and refused to take any steps to do so.

26. That following this brutal assault and battery, defendants falsely accused plaintiff of assault on staff, violent conduct, creating a disturbance, and possession of a weapon in connection with the April 30, 2015 use of force incident.

27. That on April 30, 2015, defendant Olles authored a false Misbehavior Report in which he knowingly and falsely accused plaintiff of allegations that were untrue and that Olles knew were untrue, including that plaintiff assaulted staff, engaged in violent conduct, created a disturbance, and possessed a weapon in connection with the April 30, 2015 use of force incident.

28. That in support of this false Misbehavior Report, defendants made further statements to investigators and to a hearing officer in which they repeated the false allegations made against plaintiff.

29. That as a result of the false allegations and false Misbehavior Report, plaintiff was subjected to severe punitive measures, including being sentenced to a Special Housing Unit (SHU), being denied privileges to which he otherwise would have been entitled, being subjected to punishment that went well beyond that to which prisoners in Attica otherwise would be subjected, and endured atypical and significant hardship in relation to the ordinary incidents of prison life

30. That prior to April 30, 2015, plaintiff had authored and filed a grievance against corrections officers at Attica and had made other complaints against corrections officers at Attica concerning their treatment of him while an inmate at Attica.

31. That defendants' actions on April 30, 2015 in assaulting and battering plaintiff, and their actions thereafter in making false accusations and filing a false Misbehavior Report against plaintiff were undertaken in response to and in retaliation for plaintiff having authored and filed a grievance against corrections officers at Attica and having made other complaints against corrections officers at Attica.

32. That at all times herein mentioned, each of the defendants observed and knew about his fellow officers' illegal and unconstitutional conduct towards plaintiff, had a reasonable opportunity to intervene to prevent or stop this illegal conduct, and deliberately chose to take no action to prevent or stop this illegal conduct.

33. That as a result of the aforementioned collective actions of defendants, plaintiff sustained severe physical and emotional injuries, including but not limited to fractured ribs, fractured vertebrae, a separated shoulder, and multiple injuries to his face and to other parts of his body, and endured and will continue to endure pain and suffering, loss of enjoyment of life, extreme emotional distress, and economic loss.

34. That after an investigation by DOCCS of the events of April 30, 2015, the administrative findings as to the false Misbehavior Report that resulted in the punishment meted out to plaintiff were reversed on the merits, and plaintiff's record in that regard was "expunged."

35. That the actions of defendants herein were intentional, sadistic, and malicious, and served no legitimate penological interest.

36. That the actions of defendants were undertaken in a perverted manner to obtain collateral objectives, i.e., to retaliate against plaintiff for his perceived insolence and exercise of his First Amendment right of free speech and to petition the government for redress of grievances, and to cover up and avoid the legal consequences of defendants' own malfeasance in brutally attacking claimant without justification.

37. That all of the causes alleged herein fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

### FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

38. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

40. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### SECOND CAUSE OF ACTION
### (42 USC § 1983: Fourteenth Amendment)

41. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

42. That the aforementioned acts by defendants were in violation of the substantive due process rights guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

43. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### THIRD CAUSE OF ACTION
### (42 USC § 1983: First Amendment)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the First Amendment to the US Constitution of freedom of speech and freedom to petition the government for a redress of grievances.

46. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### FOURTH CAUSE OF ACTION
### (State Law Cause of Action: Battery)

47. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

48. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants were performed outside the scope of the defendants' employment or not in the discharge of the defendants' duties as officers of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under a state law cause of action for battery.

## FIFTH CAUSE OF ACTION
**(State Law Cause of Action: Intentional and Malicious Action)**

49. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

50. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants were performed outside the scope of the defendants' employment or not in the discharge of the defendants' duties as officers of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under a state law cause of action for intentional and malicious action. *See Wilkinson v. Skinner, 34 NY2d 53 (1974).*

## SIXTH CAUSE OF ACTION
**(State Law Cause of Action: Malicious Abuse of Process)**

51. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

52. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants were performed outside the scope of the defendants' employment or not in the discharge of the defendants' duties as officers of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under a state law cause of action of malicious abuse of process.

WHEREFORE, plaintiff seeks judgment against defendants, and all of them, on the aforementioned causes of action, for compensatory damages in the amount of Five Million ($5,000,000.00) Dollars, and punitive damages in the amount of Two Million ($2,000,000.00) Dollars against each defendant, and plaintiff seeks attorneys'

fees against all defendants pursuant to 42 USC § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
       March 12, 2018

Yours, etc.
Sivin & Miller, LLP

By_____
   Edward Sivin
Attorneys for plaintiff
20 Vesey St., Suite 1400
New York, NY 10007
(212) 349-0300
