UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES DALLAS,

                Plaintiff,

v.

                Case # 18-CV-336-FPG

                DECISION AND ORDER

C.O. SIMON VOSBURGH, et al.,

                Defendants.

## INTRODUCTION

Plaintiff James Dallas brought this action on March 13, 2018, alleging three federal-law claims and three state-law claims against Defendants stemming from an alleged assault on April 30, 2015. ECF No. 1 ¶¶ 24-27. Defendant C.O. Simon Vosburgh now moves to dismiss Plaintiff's Complaint with prejudice because he was not properly served and the statute of limitations for all six claims has expired. ECF No. 21. Plaintiff does not oppose Defendant's Motion as to his fourth state-law claim for battery, and it is therefore dismissed. ECF No. 23 at 2. As to the remaining claims, Defendant's Motion is GRANTED IN PART and DENIED IN PART; it is DENIED because Plaintiff properly served Defendant and Plaintiff's Complaint was filed before the statute of limitations expired for Plaintiff's three federal-law claims, but it is GRANTED as to Plaintiff's remaining state-law claims because he failed to meet his burden to show a question of fact as to whether the statute of limitations had expired for those claims.

## BACKGROUND

Plaintiff's Complaint alleges that Defendants C.O. Simon Vosburgh, C.O. Patrick Gallaway, C.O. Robert Reinard, and C.O. John Schuck assaulted and battered Plaintiff without

legal justification at Attica Correctional Facility on April 30, 2015, and Defendant C.O. Matthew Wilson was present for the assault but failed to intervene. ECF No. 1 ¶¶ 24-25. Following the assault, Defendants falsely accused Plaintiff of various infractions that justified the assault. *Id.* ¶ 26. Defendant Sgt. Anthony Olles filed a false misbehavior report memorializing the allegations. *Id.* ¶ 27. Because of the false misbehavior report, Plaintiff spent time in solitary confinement in the Special Housing Unit, lost various privileges, and endured other hardships. *Id.* ¶ 29. Finally, Plaintiff alleges he was assaulted in retaliation for grievances filed and complaints lodged before the assault. *Id.* ¶ 30.

Plaintiff's Complaint, filed on March 13, 2018, contains six claims against all Defendants supported by these allegations: (1)-(3) violations of 42 U.S.C. § 1983 based on violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights; (4) battery, which is dismissed; (5) intentional and malicious action; and (6) malicious abuse of process. *Id.* ¶¶ 38-52.

On May 7, 2018, Plaintiff filed an affidavit of service in which the process server explains how he served Vosburgh. ECF No. 4. The process server traveled to Wende Correctional Facility on April 27, 2018—at which Vosburgh was employed in 2018—and left the Summons and Complaint with an African-American woman who refused to accept service by placing the documents on a desk in the security area and telling the woman he did so. *Id.*; ECF No. 24-4 at 2. On May 1, 2018, he mailed copies of the Summons and Complaint to Vosburgh at Attica. ECF No. 4. The envelope was never returned to him. ECF No. 24-4 at 2.

## DISCUSSION

**I.  Service**

Vosburgh first moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2), (5), and (6) by arguing that Plaintiff improperly served him in violation of Rule 4(m) and

New York Civil Practice Law and Rule § 308(2). ECF No. 21-3 at 2-13. More specifically, Vosburgh argues that service was improper because (1) the process server did not both serve and mail the summons and complaint to Vosburgh; (2) the process server did not properly identify the African-American woman with whom he interacted; (3) the process server did not serve Vosburgh at his "actual place of business" as required under § 308(2); and (4) Vosburgh never received the summons and complaint. *Id.* All of these arguments fail.

Federal Rule of Civil Procedure 4 outlines requirements for service in federal litigation. Under Rule 4(m), a plaintiff must serve a defendant ninety days after the complaint is filed. Rule 4(e) specifically explains how plaintiffs must serve a defendant within the United States. A plaintiff may (1) follow state law or (2) perform one of three types of service. Both parties agree that Plaintiff served Vosburgh pursuant to New York law.

In New York, CPLR § 308 governs service. Under § 308(2), a plaintiff properly serves a defendant who is a natural person, as Vosburgh is here,

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . , such delivery and mailing to be effected within twenty days of each other . . . proof of service shall identify such person of suitable age and discretion and state the date, time and place of service . . . .

Under New York law, an "affidavit of service filed by [a] plaintiff is prima facie evidence that defendant was properly served[.]" *Caba v. Rai*, 63 A.D.3d 578, 582-83 (1st Dep't 2009). A defendant may challenge service, but he must do so in a "nonconclusory fashion." *Id.* at 583; *see also F.D.I.C. v. Evangelista*, 226 A.D.2d 208, 208 (1st Dep't 1996) (holding that service was proper even where there were discrepancies between the process server's description of the person who accepted service and her actual characteristics).

Here, Plaintiff has established prima facie evidence that service was proper based on his process server's affidavit of service. The affidavit is detailed and describes with particularity how he served Vosburgh according to § 308(2), and it shows Plaintiff served Vosburgh within ninety days of filing his Complaint. ECF No. 4.

Vosburgh's arguments, on the contrary, are conclusory and unsupported by facts. He first argues that the process server neither served the Summons and Complaint on him nor mailed them to him. But the process server explains in detail each step he took to serve Vosburgh physically. ECF No. 4; *see also Bossuk v. Steinberg*, 58 N.Y.2d 916, 918 (1983) (holding § 308(2) is satisfied where a process server informs a person he is leaving a copy of the summons and complaint in a place after service was refused). And while he states only that he mailed the Summons and Complaint to Vosburgh, the envelope was never returned to him, which is sufficient to establish service by mail. *Brooklyn Union Gas Co. v. Arrao*, 110 A.D.2d 949, 950 (2d Dep't 1984) (finding service proper in part under § 308(2) where process server mailed summons and complaint to defendant's address and neither was returned).

The same is true of Vosburgh's argument as to the identity of the woman the process server served. He does not argue that no such person exists; instead, he argues that the process server's description was insufficient, that "it is impossible" to identify her, and that the process server was required to ascertain her name. Those arguments are belied by the process server's affidavit and New York law. In the affidavit, he gives a detailed description of the woman he served. He provides her race and estimates her height, weight, and age. Such a description is legally sufficient. *Roberts v. Anka*, 846 N.Y.S.2d 280, 282 (2d Dep't 2007) (concluding the process server's affidavit sufficiently demonstrated service under § 308(2) where he served an unnamed female relative of the defendant and gave a detailed physical description); *but see Cadlerock Joint Venture, L.P. v.*

*Kierstedt*, 990 N.Y.S.2d 522, 524-25 (2d Dep't 2014) (finding the process server did not inquire about the defendant under § 308(4) because he could not describe the person he allegedly asked, including her gender).

Finally, Vosburgh's argument that he was not served at his actual place of business because he was on leave due to an injury fails. In *Seung Ja Cho v. In-Chul Song*—the very case Vosburgh provides in support of his argument—the court found plaintiff had not served defendant at his actual place of business when plaintiff served him at a university while he was on sabbatical in Korea because defendant was not regularly transacting business at the university. 166 Misc.2d 129, 133 (Sup. Ct. 1995).

*Seung Ja Cho* demonstrates that a defendant must be transacting business elsewhere to show that a previous employer is not his "actual place of business." Here, Vosburgh does not contend that he was employed elsewhere while on leave; he argues only that he was on leave. That is insufficient to establish that Wende was not his actual place of business. *Edan v. Johnson*, 117 A.D.3d 528, 529 (1st Dep't 2014) (finding service under § 308(2) sufficient where defendant was served at her place of employment while on maternity leave for four months). Consequently, the Court finds that service upon Vosburgh was proper.

## II. Statute of Limitations

Vosburgh next moves to dismiss the Complaint because the statute of limitations for the remaining five claims has expired. ECF No. 21-3 at 7-13. The Court agrees as to Plaintiff's state-law claims but disagrees as to his federal-law claims.

Under New York law, a defendant carries the initial burden of showing that the statute of limitations for a claim has expired. *U.S. Bank Nat'l Ass'n v. Gordon*, 72 N.Y.S.3d 156, 159 (2d

Dep't 2018). Once he does so, the burden shifts to the plaintiff to "raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable . . . ." *Id.* (citation omitted).

The statute of limitations for Plaintiff's federal-law claims—brought under § 1983—is three years, *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015), and one year for his state-law claims—intentional and malicious action and malicious abuse of process. *Cuillo v. Shupnick*, 815 F. Supp. 133, 136 (S.D.N.Y. 1993) (citing *Bittner v. Cummings*, 591 N.Y.S.2d 429, 430 (2d Dep't 1992)); *Havell v. Islam*, 739 N.Y.S.2d 371, 371 (1st Dep't 2002).

Under CPLR §§ 203(a) and (c), a claim is brought within the requisite time limit when it is filed before the time expires starting from the date of accrual. The statute of limitations for § 1983 claims begins to run when the plaintiff can "file suit and obtain relief." *Campbell*, 782 F.3d at 100 (citation omitted).

Here, Plaintiff's state-law claims are time barred but his federal-law claims are not. Plaintiff's § 1983 claims accrued, at the earliest, on April 30, 2015. To avoid the time bar, Plaintiff had to file his Complaint before April 30, 2018. He filed it on March 13, 2018, approximately six weeks before the deadline. ECF No. 1.

His state-law claims, however, do not survive. In his Motion, Vosburgh met his burden of showing that the statute of limitations had expired. He explained that Plaintiff's state-law claims had a one-year statute of limitations, the only date in Plaintiff's Complaint is April 30, 2015, and Plaintiff filed his Complaint on March 13, 2018, well after the purported deadline of April 30, 2016. In response, Plaintiff was required to raise a question of fact as whether the deadline was in fact April 30, 2016. Instead, he argued that Vosburgh did not meet *his* burden and that the claims did not accrue until a later date. He does not give that date, however; he merely states that it is later than April 30, 2015. Because Plaintiff neither explains when the claims accrued under New

York law[1] nor provides a date as to when they accrued, the Court finds Plaintiff has not carried his burden by raising a question of fact. Consequently, the Court must grant Vosburgh's Motion as to those claims.

## CONCLUSION

For the foregoing reasons, Vosburgh's Motion to Dismiss, ECF No. 21, is GRANTED IN PART and DENIED IN PART. Plaintiff's First, Second, and Third Claims remain as to Vosburgh, but his Fourth, Fifth, and Sixth Claims are dismissed as to him. All Claims remain against the other Defendants. The Court will refer this case to a magistrate judge for pretrial proceedings by separate order.

IT IS SO ORDERED.

Dated: September 19, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] The claims accrued when the action or process terminated in Plaintiff's favor via dismissal. *See Nunez v. City of New York*, 307 A.D.2d 218, 219 (1st Dep't 2003).